PRESENT: All the Justices

ANTONIO RICARDO LEWIS

v. Record No. 170518

OPINION BY
JUSTICE WILLIAM C. MIMS
May 31, 2018

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider what the phrase "has been previously convicted" means in Code § 18.2-57.2(B), which makes assault and battery of a family or household member a felony under certain circumstances.

## I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Antonio Ricardo Lewis lived with his girlfriend, Pamela McDavid, in a hotel room in Williamsburg. During an argument with Lewis on October 9, 2015, McDavid retreated into the bathroom. Lewis continued yelling at her through the closed door. When McDavid came out of the bathroom intending to leave the hotel room, Lewis pushed her and wrapped his arm around her neck. They fell on the bed and scuffled. McDavid felt blood drip onto her leg. She returned to the bathroom and saw that her lip had been split. She later came out of the bathroom again, darted past Lewis, and went to the police station. A police officer went to the hotel to arrest Lewis but was unable to find him there.

December 23, 2015 was McDavid's birthday. She celebrated with her family at her mother's house. Late that evening she returned to the hotel room, which she still shared with Lewis. She found him pacing the floor angrily. She saw that he had been drinking and had taken cocaine. He attempted to provoke another argument but she refused to be drawn in. She got ready for bed and went to sleep.

Sometime later McDavid awoke to find Lewis shaking her and demanding that she talk with him. She went onto the balcony to smoke a cigarette. He followed her and slapped her face so hard the cigarette was knocked away. She slapped him back and he slapped her again even harder. She went into the bathroom to look at her face and saw a handprint there. She fled to the parking lot, locked herself in her car, and called the police.

On March 16, 2016, a grand jury indicted Lewis on one count of felony assault and battery of a family or household member after having been twice previously convicted of the same offense within twenty years, in violation of Code § 18.2-57.2(B), for each of the October and December offenses. Prior to trial, the Commonwealth moved to amend the indictment relating to the October offense to charge only misdemeanor assault and battery of a family or household member. Lewis joined in the motion and the circuit court granted it.

Lewis was tried by the court on May 5, 2016. The Commonwealth moved to bifurcate the trial for the two charges, trying the October offense first. The Commonwealth intended to use the anticipated conviction for it as one of the two predicate convictions required to thereafter try the December offense as a felony. The court granted the motion over Lewis' objection.

The court then arraigned Lewis on the misdemeanor charge for the October offense. Lewis pled not guilty and the court proceeded to a bench trial. After hearing the evidence, the circuit court found Lewis guilty. It deferred sentencing and ordered a presentencing report.

The court then arraigned Lewis on the felony charge for the December offense. Lewis again pled not guilty and the court proceeded to a second bench trial. At the conclusion of the witnesses' testimony, the court admitted as evidence an order entered in June 2011 by the Juvenile and Domestic Relations District Court of the City of Newport News memorializing Lewis' prior conviction and sentence for misdemeanor assault and battery of a family or

2

household member. The Commonwealth then moved the court to find that Lewis had been convicted of a second misdemeanor offense earlier that day. Lewis objected, arguing that he had not been convicted of a misdemeanor for the October offense because he had not yet been sentenced on that charge. The court overruled the objection, ruling that it would take judicial notice that it had found him guilty.

Lewis thereafter moved to strike. He argued that the indictment for the December offense charged that he "has twice previously been convicted of assault and battery," but that he had not been previously convicted twice at the time of the December offense. The Commonwealth's evidence established that in December, he had been previously convicted only once: in Newport News in 2011. He argued that the Commonwealth therefore had not proven the charge in the indictment. The Commonwealth responded that at the time Lewis was arraigned for the felony offense immediately prior to trial, he had been convicted of two misdemeanor offenses.

The court denied Lewis' motion, ruling that the misdemeanor conviction from Norfolk and the court's own finding of guilt earlier that day were sufficient to prove the two statutory predicate convictions for the felony charge. Lewis presented his defense and thereafter renewed his motion to strike, which the court again denied. The court then found him guilty of the felony charge.

On May 16, 2016, the circuit court entered separate orders convicting Lewis of misdemeanor and felony assault and battery of a family or household member for the October and December offenses, respectively. In July 2016, it entered a single sentencing order for both offenses.

3

Lewis thereafter appealed to the Court of Appeals. By per curiam order, the Court of Appeals affirmed the judgment of the circuit court.

We awarded Lewis this appeal.

## II. ANALYSIS

### A. THE TIME AT WHICH A DEFENDANT'S PREDICATE CONVICTIONS MUST EXIST

In his first assignment of error, Lewis asserts that the circuit court erred because the plain language of Code § 18.2-57.2(B) required the Commonwealth to prove that he had been convicted of two predicate offenses before he committed the December offense. We disagree.

Questions of statutory interpretation are questions of law we review de novo. *Belew v. Commonwealth*, 284 Va. 173, 177, 726 S.E.2d 257, 259 (2012). Code § 18.2-57.2(B) provides that

> [u]pon a conviction for assault and battery against a family or household member, where it is alleged in the warrant, petition, information, or indictment on which a person is convicted, that such person has been previously convicted of two offenses against a family or household member of (i) assault and battery against a family or household member in violation of this section, (ii) malicious wounding or unlawful wounding in violation of § 18.2-51, (iii) aggravated malicious wounding in violation of § 18.2-51.2, (iv) malicious bodily injury by means of a substance in violation of § 18.2-52, (v) strangulation in violation of § 18.2-51.6, or (vi) an offense under the law of any other jurisdiction which has the same elements of any of the above offenses, in any combination, all of which occurred within a period of 20 years, and each of which occurred on a different date, such person is guilty of a Class 6 felony.

The requirements imposed by the statutory language are clear and unambiguous. They do not require that a defendant have two predicate convictions at the time he or she commits the offense ultimately charged as a felony. Rather, the statute requires that the warrant, petition, information, or indictment charging the defendant with a felony offense must allege that he or she "has been previously convicted of two" of the listed predicate offenses on different dates within twenty years. Thus, when a defendant is tried upon an indictment charging a felony

4

offense of assault and battery of a family or household member, as Lewis was, he or she cannot be convicted of the felony unless the indictment alleged the two predicate convictions. Consequently, two predicate convictions must exist at the time of the indictment because the Commonwealth must present sufficient evidence of them to enable a grand jury to find probable cause.[1] The Commonwealth must thereafter adduce sufficient evidence at trial to prove two such convictions beyond a reasonable doubt.

The record does not divulge what evidence the Commonwealth presented to the grand jury to enable it, as it originally did, to return true bills in March 2016 charging Lewis with felonies for both the October and December offenses. The Commonwealth certainly could not have relied on evidence of a misdemeanor conviction for the October offense—both because none existed then by any definition of the word "conviction," and because even if one did, it could not serve as a predicate to charge the same offense as a felony.

But, while intriguing, that question is not before us in this case. The Commonwealth obtained an amendment to the indictment for the October offense reducing it to a misdemeanor. Lewis did not move for a bill of particulars, or move to dismiss, or otherwise challenge the indictment for the December offense. Thus, the indictment for the December offense is sufficient on its face to fulfill the statutory requirement that it allege two predicate convictions. The only question before us is whether the Commonwealth adduced sufficient evidence at trial to

---

[1] We note that the common law required the indictment to specify the dates and places of the predicate convictions. *Rand v. Commonwealth*, 50 Va. (9 Gratt.) 738, 748 (1852). This requirement has been superseded by statute, Code § 19.2-220 (prescribing the contents required in an indictment), but nothing prevents a defendant from moving for a bill of particulars to compel the Commonwealth to specify them. Code § 19.2-230; *see also Pine v. Commonwealth*, 121 Va. 812, 836, 93 S.E. 652, 659 (1917) (noting that where an indictment "fails to give the information necessary to enable the defendant to concert his defense, such information may be supplied by a bill of particulars").

prove two such convictions beyond a reasonable doubt. That question requires us to consider what qualifies as a predicate conviction under Code § 18.2-57.2(B).

## B. WHAT CONSTITUTES A PREDICATE CONVICTION

In his second assignment of error, Lewis asserts that the circuit court erred because, despite its finding that he was guilty of the October misdemeanor offense, he had not been "convicted" of it within the meaning of Code § 18.2-57.2(B). He argues that a conviction requires both adjudication of guilt and imposition of sentence. He also argues that courts speak only through their written orders, and that the circuit court did not enter a conviction order for the October offense until May 16, 2016—after the Commonwealth had presented its evidence at his trial for the December offense. Neither of these arguments is persuasive.

## 1. ADJUDICATION OF GUILT AND IMPOSITION OF SENTENCE

Our precedents recognize distinct phases in the adjudication of a criminal conviction. The first phase is a determination that the evidence is sufficient to find the defendant guilty. This phase is complete when the defendant pleads guilty, a jury returns a guilty verdict, or a court sitting as fact-finder finds that the evidence is sufficient to convict the defendant.[2] This phase is separate from the following phase, the rendition of a judgment of conviction.

We distinguished between these two phases in relation to a jury verdict as early as 1922. In *Smith v. Commonwealth*, 134 Va. 589, 592, 113 S.E. 707, 708 (1922), we held that "the word 'convicted' . . . means convicted by judgment, and requires a judgment of conviction, *in addition to* the verdict of the jury." (Emphasis added.) *See also Ramdass v. Commonwealth*, 248 Va. 518, 520, 450 S.E.2d 360, 361 (1994) (holding that a mere jury verdict, without judgment, did

---

[2] This determination is distinct from when a court considers a motion to strike and rules as a matter of law that the Commonwealth has adduced sufficient evidence to make out a prima facie case. *See Costner v. Lackey*, 223 Va. 377, 382, 290 S.E.2d 818, 820 (1982).

not constitute a conviction within the meaning of Code § 53.1-151(B1)). The same principle applies when a defendant pleads guilty or is tried by the court without a jury, as we have emphasized in a more recent series of cases.

For example, in *Moreau v. Fuller*, 276 Va. 127, 131-32, 661 S.E.2d 841, 843-44 (2008), a juvenile and domestic relations district court found that the evidence adduced at trial was sufficient to prove that the defendant was guilty of contributing to the delinquency of a minor. However, rather than rendering a judgment of conviction, the court took the matter under advisement and continued the case.

The Commonwealth's attorney later filed a petition for a writ of mandamus in the circuit court to compel the district court to render final judgment. The circuit court issued the writ. *Id.* at 132, 661 S.E.2d at 844. On an appeal by the district court judge, we held that a finding that the evidence was sufficient to convict did not render a judgment of conviction, and rendition of judgment was not simply a ministerial act after such a finding. Consequently, a writ of mandamus did not lie to compel the rendition of judgment. *Id.* at 138-39, 661 S.E.2d at 847.

Similarly, in *Hernandez v. Commonwealth*, 281 Va. 222, 224, 707 S.E.2d 273, 274 (2011), the circuit court found that the evidence was sufficient to convict the defendant of assaulting a police officer. The court held that it lacked inherent authority to defer disposition as the district court in *Moreau* had. On appeal, we again distinguished a finding that the evidence is sufficient to convict from a judgment of conviction, and held that the court retained inherent authority to take the matter under advisement and continue the case until such a judgment was rendered. *Id.* at 225-26, 707 S.E.2d at 275.

Finally, in *Starrs v. Commonwealth*, 287 Va. 1, 4-5, 752 S.E.2d 812, 814-15 (2014), the defendant pled guilty to two counts of possession of a controlled substance with intent to

distribute. The circuit court entered an order finding that the pleas were knowingly and voluntarily made and accepted them. It found the evidence sufficient to find the defendant guilty but again withheld a finding of guilt. However, like the court in *Hernandez*, it declined to defer disposition and continue the case, ruling that it lacked inherent authority to dismiss the charges after such a deferral because the guilty pleas established the defendant's guilt. On appeal, we ruled that a defendant's guilty plea was equivalent to a court's finding that the evidence was sufficient to convict. It was not equivalent to a judgment of conviction, however, because the court retained authority to find the defendant guilty of a lesser-included offense. *Id.* at 11, 752 S.E.2d at 819.

The record in this case shows that unlike in *Moreau* and *Hernandez*, the circuit court did more than merely find the evidence sufficient to find Lewis guilty of the misdemeanor charge arising from the October offense; it actually found him guilty. It said, "[i]n regards to the assault and battery, the evidence is clear and *I do find him guilty* of assault and battery." (Emphasis added). It went on to reiterate, "I do find the evidence is sufficient at this point in regard to the assault and battery *and have found him guilty*." (Emphasis added). Consequently, the court in this case went beyond the initial phase of finding the evidence sufficient to find Lewis guilty—crossing the barrier recognized in *Moreau*, *Hernandez*, and *Starrs*—and actually convicted him of the charge.

Nevertheless, Lewis asserts that this action is still insufficient to create a predicate conviction within the meaning of Code § 18.2-57.2(B) because, according to him, the court must also complete the final phase of adjudication, imposition of sentence. But that argument is foreclosed by our precedents. Under *Hernandez* and *Starrs*, rendition of a judgment of conviction determines the range of penalties within which the court must impose sentence:

8

"*once a court has entered a judgment of conviction of a crime*, the question of the penalty *to be imposed* is entirely within the province of the legislature, and the court has no inherent authority to depart from the range of punishment legislatively prescribed." *Starrs*, 287 Va. at 9, 752 S.E.2d at 817 (quoting *Hernandez*, 281 Va. at 225, 707 S.E.2d at 275) (internal quotation marks omitted) (emphases added). Thus, imposition of sentence cannot be part of the rendition of a judgment of conviction; the rendition of the judgment is what determines the range within which the court must sentence the defendant when it imposes one.

## 2. ABSENCE OF A WRITTEN ORDER

The fact that the circuit court did not enter a written conviction order memorializing its judgment of conviction for the misdemeanor charge until May 16, 2016—after Lewis' May 5 trial on the felony charge—does not alter the character of that judgment.

> The rendition of a judgment must be distinguished from its entry on the court records. The rendition of a judgment duly pronounced is the judicial act of the court, and the entry or recording of the instrument memorializing the judgment "does not constitute an integral part of, and should not be confused with, the judgment itself."

*Jefferson v. Commonwealth*, 269 Va. 136, 139, 607 S.E.2d 107, 109 (2005) (quoting *Rollins v. Bazile*, 205 Va. 613, 617, 139 S.E.2d 114, 117 (1964)). "A judgment is the determination by a court of the rights of the parties, as those rights presently exist, upon matters submitted to it in an action or proceeding. A written order or decree endorsed by the judge is but evidence of what the court has decided." *Haskins v. Haskins*, 185 Va. 1001, 1012, 41 S.E.2d 25, 31 (1947).

Thus, the familiar legal maxim that courts speak only through their written orders "deals with evidence of judicial action, that is, a declaration of historical fact. The statement, however, does not purport to govern the substantive validity of the judicial act." *Jefferson*, 269 Va. at 140,

607 S.E.2d at 110. Courts prefer written orders memorializing judgments in other cases for their evidentiary value, but they are not required when the judgment can be established by other proof.

For example, in *Palmer v. Commonwealth*, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005), we stated that "[w]hen the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt." The Commonwealth typically will attempt to meet its burden with an order memorializing a judgment of conviction in another case, but it is not required to do so. We said, "*when the Commonwealth seeks to prove a prior conviction* as an element of a crime *by presenting an order* entered in that prior case, the order must show that a judgment of conviction was entered in adjudication of the charge." *Id.* (emphases added).

In *Moreau*, there was no evidence that the district court had rendered judgment. To the contrary, the back of a warrant the court had not signed directed that the defendant be placed on probation and imposed costs, and in a separate written order the court found sufficient evidence to convict the defendant but expressly deferred rendition of judgment. 276 Va. at 131-32, 661 S.E.2d at 843-44. In *Hernandez*, we said that the court retains inherent authority to defer disposition and dismiss a charge until it "enters a written order finding the defendant guilty of a crime." But the context for this statement was our holding that a mere finding that the evidence is sufficient to convict was not a "formal adjudication of guilt." 281 Va. at 226, 707 S.E.2d at 275.

*Hernandez*, which did not cite *Jefferson*, *Rollins*, or *Haskins*, can easily be reconciled with those cases by recognizing that when a court goes beyond finding that the evidence is sufficient to convict and actually declares that the defendant is guilty of a specified crime, it has made a formal adjudication of guilt even if the judgment has not been memorialized in a written

10

order. The defining moment in terms of assessing whether the court has inherent authority to defer disposition and dismiss the charge or whether it is constrained to impose a penalty prescribed by the legislature is when it adjudicates that the defendant is guilty of the specific charge, not when it enters a written order. There was no such adjudication in either *Moreau* or *Hernandez*.

This conclusion is also wholly consistent with *Starrs*. In that case, as in *Moreau*, there was a written order in which the circuit court expressly "withheld a finding of guilt." 287 Va. at 5, 752 S.E.2d at 814. As discussed above, we ruled that the fact that the evidence of guilt was supplied by a guilty plea rather than by evidence adduced at a trial did not alter our holding in *Hernandez* that a judgment of conviction, rather than a finding that the evidence was sufficient, was required to divest a trial court of its inherent authority. One of the reasons for our decision in *Starrs* was that a trial court could still convict the defendant of a lesser-included offense after his or her guilty plea supplied the evidence of guilt. *Id.* at 11, 752 S.E.2d at 819. But that reason no longer applies when the court has found the defendant guilty of a specified charge.[3]

---

[3] Of course, the court retains authority to reconsider its judgment of conviction—as it may reconsider any ruling—until twenty-one days have elapsed from the entry of the final judgment. Rule 1:1. We have held that a sentencing order is the final judgment in a criminal case, *Burrell v. Commonwealth*, 283 Va. 474, 478, 722 S.E.2d 272, 274 (2012), so a court's authority to reconsider lasts for twenty-one days after it imposes sentence (absent the entry of an order modifying, suspending, or vacating the judgment, thereby extending the period). But as we have explained above, a "conviction" for the purposes of Code § 18.2-57.2(B) can mean only the rendition of a judgment of conviction, not the imposition of sentence.

We acknowledge the possibility that a predicate conviction used to convict a defendant of felony assault and battery of a family or household member could later be vacated because the court reconsidered. However, if a predicate conviction was rendered so recently that a court still retains jurisdiction under Rule 1:1, it behooves the defendant to ensure that the court wherein the felony offense is pending preserves its own jurisdiction, for example by seeking a continuance or suspension of final judgment, until the predicate conviction is reconsidered or has become final.

11

In this case, as in *Moreau* and *Starrs*, there is a written order. Unlike those cases, the written order here does not expressly withhold a finding of guilt. To the contrary, it expressly states that "the [c]ourt finds the defendant [g]uilty." Although the order was entered on May 16, 2016, it states that the case was tried on May 5. Accordingly, the May 16, 2016 order is merely a memorialization of the judgment that the court rendered at the conclusion of Lewis' trial on the misdemeanor charge. Despite the fact that the court waited eleven days to enter the order, the record leaves no question that the judgment was rendered on May 5 and before Lewis was tried on the felony charge.

There also is no question that the evidence was sufficient to prove the fact of the misdemeanor conviction at the felony trial. Although no written order was offered into evidence—because none then existed—the judgment was rendered by the same judge in the same court on the same day. The court proceeded immediately from convicting Lewis of the misdemeanor in the first trial to arraigning and trying him on the felony in the second trial. The court clearly was aware of what it had done in the first trial when, in the second trial, it took judicial notice that it had convicted Lewis of a misdemeanor.[4] Consequently, the Commonwealth needed no written order memorializing that conviction to meet its burden of proof, and the certified copy of the 2011 conviction in Newport News supplied the proof of the second predicate conviction necessary to establish the felony offense.

### III. CONCLUSION

For the reasons set forth above, we will affirm the judgment of the Court of Appeals.

---

[4] Before Lewis made his first motion to strike in the second trial, he objected to the circuit court taking judicial notice of the misdemeanor conviction from his first trial. However, both of his assignments of error contest only the court's denial of his motions to strike. He has not assigned error to the circuit court's evidentiary ruling that it could take judicial notice of the conviction in another case earlier that day, so we do not consider that question here.

*Affirmed.*