COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judges Beales and AtLee
Argued at Richmond, Virginia

PUBLISHED

MELANIE VANDYKE

OPINION BY
v.      Record No. 1322-18-2          CHIEF JUDGE MARLA GRAFF DECKER
MARCH 31, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Elliott B. Bender (David C. Reinhardt; Bender Law Group, PLLC,
on briefs), for appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Melanie Vandyke appeals her conviction for obtaining morphine by fraud, deceit,

embezzlement, or subterfuge, in violation of Code § 18.2-258.1.  On appeal, she contends that

the trial court misinterpreted the statute and abused its discretion by refusing her request for a

deferred disposition.  We hold that the denial of the appellant's request for a deferred disposition

was not error because the request came too late.  Consequently, we affirm the appellant's

conviction and sentence without reaching the merits of her claims.

I.  BACKGROUND[1]

The instant conviction arose from an incident in which the appellant, who was a nurse at

a medical facility, was found by two other nurses in an empty patient room with a syringe in her

---

[1] On appeal, we consider the evidence in the light most favorable to the Commonwealth,
the party who prevailed at trial.  Austin v. Commonwealth, 60 Va. App. 60, 63 (2012).

hand. An investigation involving her nursing license ensued, and she was ultimately charged with the criminal offense of controlled substance fraud.

A suppression hearing and trial proceedings were held on May 30 and June 1, 2018. On the first of those dates, the court heard witness testimony and the parties' joint proffer. On June 1, they argued the motion to suppress, which the judge denied. The parties then presented closing argument for what was treated as completion of the guilt phase of the trial. Following argument, the judge detailed the evidence and "f[ound the appellant] guilty as charged" for violating Code § 18.2-258.1(A).[2]

After this pronouncement, the appellant asked the judge to "defer [a] finding" under either Hernandez v. Commonwealth, 281 Va. 222 (2011), or Code § 18.2-258.1. The prosecutor argued that a deferred finding and subsequent dismissal under Hernandez were not available because the statute controlled the issue. He explained that the statute permitted a deferred disposition with the possible subsequent reduction of the crime to a Class 1 misdemeanor but did not allow a dismissal. The prosecutor also suggested that the deferral provision was "for people who . . . admit guilt and ask for help from the Court," which the appellant did not do. The judge asked if the parties could reach agreement on a disposition. The prosecutor stated that the appellant had received a written offer in advance of the hearing. The court then set the matter for June 27, 2018, "for disposition."

Ten days later, on June 11, the court entered a "trial order." That order reflected that at the June 1 hearing, it had found the appellant guilty of controlled substance fraud.

---

[2] In fact, the trial court made this pronouncement twice. After the judge decreed the appellant's guilt the first time, her attorney noted that she had not yet been arraigned. The court instructed the clerk to read the indictment, after which the appellant's counsel entered a not guilty plea on her behalf. The judge then repeated his pronouncement, "find[ing her] guilty as charged."

The order also noted that the appellant "moved to continue the case for disposition," the "motion was granted," and "sentencing" would occur on June 27, 2018.

At the June sentencing hearing, counsel for the appellant framed the court's action at the June 1 hearing as merely having "found facts sufficient to find [the appellant] guilty" rather than having made an actual finding of guilt. Counsel again asked the court to take the matter under advisement pursuant to the controlled substance fraud statute. He suggested that the court put the appellant on "terms and conditions" and that if she "successfully complete[d] all that, [the offense] would be reduced to a misdemeanor." The court recognized that "the endorsement from the last hearing . . . indicate[d that] she was found guilty" and, consequently, it "d[id not] know . . . what [was to] be[] taken under advisement."

Counsel for the appellant then referenced his need to call witnesses or gather documentary evidence and again characterized what the court had "already" done as merely "f[inding the] facts sufficient of guilty [sic]." The court granted the appellant's request for a continuance and set the "next court date for sentencing" as July 25, 2018.

At the July sentencing, the appellant again requested a deferred disposition under Code § 18.2-258.1(H). She presented evidence and related argument in support of her request. The prosecutor continued to oppose the request. He asked the court to sentence the appellant to two years of incarceration, all suspended, and condition her probation on substance abuse treatment.

The court ultimately ruled that the appellant was not entitled to a deferred disposition under the applicable statute because the matter was "contested." In doing so, it observed that the appellant had "*already* been found guilty" on the indictment. (Emphasis added). The judge also

referenced his discretion to deny the request on the merits. He then pronounced the appellant guilty yet again and sentenced her to three years of incarceration, with all time suspended.

## II. ANALYSIS

The appellant asserts that the trial court erred in concluding that she was not entitled to a deferred disposition under Code § 18.2-258.1(H) because she exercised her right to a bench trial. She also suggests more generally that in light of the evidence in the record, the court abused its discretion by not granting her request for a deferred disposition under the statute.

### A. Standard of Review

Whether a trial court "has authority to take a case under advisement and defer a finding of guilt is a question of law" reviewed *de novo* on appeal. White v. Commonwealth, 67 Va. App. 599, 604 (2017). Whether that court properly construed an applicable statute also is a question of law reviewed under the same standard. See Lewis v. Commonwealth, 295 Va. 454, 460 (2011). To the extent the appeal involves any subsidiary findings of fact made by the trial court, this Court defers to those findings unless they are plainly wrong or without evidence to support them. See, e.g., Perry v. Commonwealth, 61 Va. App. 502, 511 (2013).

### B. Impact of Trial Court's Statements and Dispositional Discretion

Trial courts have authority to defer disposition in criminal cases under appropriate circumstances. See Lewis, 295 Va. at 463-65. Numerous statutes expressly permit deferred dispositions in the discretion of the trial court. See, e.g., Code § 16.1-278.9(A) (juvenile delinquency involving alcohol or public intoxication); Code §§ 18.2-57.3(A) (domestic abuse), -251 (drug possession), -258.1(H) (controlled substance fraud); Code § 19.2-303.2 (misdemeanor property crimes).

A deferred disposition involves placing a defendant on probation under terms and conditions. See, e.g., Randolph v. Commonwealth, 45 Va. App. 166, 171-72 (2005). Some

statutes expressly permitting deferred dispositions provide for the dismissal of all charges at the end of the period of deferral if the defendant fully complies with those terms and conditions. See, e.g., Code § 18.2-57.3(A), (E). In other cases, the controlling statutory framework provides that upon successful completion of the term of probation, the trial court may convict the defendant of a lesser offense rather than completely dismiss the charge. For example, Code § 18.2-258.1, the statute at issue in this case, categorizes various forms of the crime of controlled substance fraud as a Class 6 felony. That statute permits the trial court to defer disposition and "place [the defendant] on probation upon terms and conditions." Code § 18.2-258.1(H). It also expressly provides that if the defendant complies with those terms and conditions, "the court shall find the defendant guilty of a Class 1 misdemeanor" rather than wholly dismiss the charge. See id.

In support of her argument that the trial court erred when it denied her request for a deferred disposition under Code § 18.2-258.1(H), the appellant references several statements that the judge made when explaining the basis for his decision. The appellant specifically notes his ruling, prompted by the prosecutor. The judge stated that the appellant did not qualify because the matter was "highly contested." The appellant further points to the judge's explanation that the statute "contemplates" a situation in which a defendant "come[s] before the Court" and admits that the record contains "enough facts to find [her] guilty." Without doubt, the record is complicated and contains a number of specific comments by the parties and the judge regarding interpretation of the statute at issue.

Nevertheless, we hold that the trial judge reached the right result in this case. In light of this holding, we do not consider the judge's apparent ruling that only a defendant who does not

contest her guilt is entitled to a deferred disposition under the statute.[3] We conclude instead that

the best and narrowest ground for decision is the determination that the trial court reached the

right result for a reason different than the one upon which it appears ultimately to have relied.

See generally Commonwealth v. Swann, 290 Va. 194, 196 (2015) (recognizing best and

narrowest ground principles).

Under the right-result-different-reason principle, an appellate court "do[es] not hesitate,

in a proper case, where the correct conclusion has been reached but [a different] reason [is]

given, to sustain the result [on an alternative] ground." Banks v. Commonwealth, 280 Va. 612,

617 (2010) (quoting Eason v. Eason, 204 Va. 347, 352 (1963)); see Rickman v. Commonwealth,

294 Va. 531, 542 (2017) (recognizing that the "right-result-*different*-reason doctrine" is

applicable in a case in which the appellate court "express[es] no view on the correctness of the

lower court's rationale"). In order for a reviewing court to apply this legal principle, certain

conditions must be met. The record supports an alternative ground for affirmance when it

reflects two things. Banks, 280 Va. at 617. First, it must show that all evidence necessary to that

alternate ground was before the trial court. Id. Second, that evidence must have been

undisputed, or the record must show how the trial court resolved any dispute. Id. If additional

factual findings would be necessary to support the alternative ground for decision, the doctrine

may not be applied. See id. at 618. See generally Holloman v. Commonwealth, 65 Va. App.

147, 159 n.4 (2015) (recognizing that the prosecution need not have made an argument below in

order for a reviewing court to apply this doctrine on appeal).

---

[3] In doing so, we also do not consider the appellant's additional claim that the court abused its discretion by denying her request for a deferred disposition. Similarly, we do not consider the various procedural bars asserted by the Commonwealth related to the claims on appeal.

In the instant case, the record contains all the information necessary to permit this Court to resolve the appeal on the alternative ground that the request came too late. We can do so because the analysis is largely a legal one that does not require additional factual findings. See Rives v. Commonwealth, 284 Va. 1, 3 (2012) (*per curiam*).

Significant to our analysis is a clear understanding of precisely when a trial court may defer a disposition. Under settled legal principles, a trial court's *inherent* authority to defer disposition lasts until the court finds the defendant guilty. See, e.g., Lewis, 295 Va. at 464-67 (analyzing when the finding takes effect). Conversely, when the court determines merely that the evidence is sufficient to convict but does not make a finding of guilt, it retains the authority to defer disposition. See id. at 463-64, 466.

We hold that these same principles apply under the language of Code § 18.2-258.1. That statute provides that when a person meeting certain enumerated statutory requirements "pleads guilty to or enters a plea of not guilty to the court for violating this section, upon such plea if the facts found by the court *would justify a finding of guilt*, the court may place him on probation upon terms and conditions." Code § 18.2-258.1(H) (emphasis added). Implicit in this statutory language is that the court has the discretion to permit a deferred disposition *if* it finds that the facts "would justify a finding of guilt" *but has not yet actually pronounced the defendant guilty on those facts*. See id.

The appellant argues that the language in Code § 18.2-258.1(H) is different from the language that the legislature used in other statutes that also specifically permit a trial court to defer disposition under certain circumstances. For example, Code § 19.2-303.2 permits deferral "if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt." By contrast, the statute under which the appellant was convicted permits deferral "if the facts found by the court would justify a finding of guilt," but it does not include the additional

language, "without entering a judgment of guilt." See Code § 18.2-258.1(H). The appellant relies on the absence of this additional language to suggest that the trial court retained authority to defer disposition even after entry of the judgment of guilt.

Important principles relating to statutes guide our consideration of the appellant's contention. "[C]ourts apply the plain language of a statute unless the terms are ambiguous." Epps v. Commonwealth, 59 Va. App. 71, 78 (2011) (alteration in original) (quoting Boynton v. Kilgore, 271 Va. 220, 227 (2006)). Further, first offender statutes that permit acquittal or reduced punishment "for reasons unrelated to guilt or innocence" are "in derogation of the common law." See Taylor v. Commonwealth, 58 Va. App. 435, 447 (2011) (analyzing statutes permitting acquittal). Consequently, they "must be 'strictly construed' and not 'enlarged' beyond their 'express terms.'" See id. (quoting Jenkins v. Mehra, 281 Va. 37, 45 (2011)). Finally, where the legislative intent behind a statute is clear, the court may not resort to rules of statutory construction involving comparing its language to the language in other statutes. See Jones v. Commonwealth, 296 Va. 412, 416 (2018) (observing that "the existence of a similar but not identical statute does not alter [an appellate court's] obligation to construe the applicable statute according to its plain language").

The plain language in the phrase "if the facts found by the court would justify a finding of guilt" in Code § 18.2-258.1(H) demonstrates the legislature's intent to permit deferral only so long as the court has not actually made a finding or entered a judgment of guilt. See Lewis, 295 Va. at 462-63 (noting that the first phase in a criminal conviction adjudication is "a determination that the evidence is sufficient" to prove guilt, the second phase is "a judgment of conviction," and Virginia precedent "distinguishe[s] . . . these two phases"); cf., e.g., Hernandez v. Commonwealth, 281 Va. 222, 225-26 (2011) (noting that despite a trial court's inherent authority to defer disposition, it has no authority after the entry of judgment to depart from the

- 8 -

legislature's prescribed punishment).  Consequently, this Court may not look to other statutes in an attempt to discern some other meaning to attribute to this plain language.

In light of this conclusion, we next review the applicable law and the instant record to determine precisely when the trial court found the appellant guilty in relation to when she requested a deferred disposition.

Key to this case is the Supreme Court of Virginia's holding that once a trial court *orally* pronounces a defendant guilty, it loses the authority to defer disposition, even if it has not yet entered a conviction order.  See Lewis, 295 Va. at 466 (holding that the "defining moment" in determining "whether the court has inherent authority to defer disposition" or "is constrained to impose a penalty prescribed by the legislature" is when it finds the defendant guilty, "not when it enters a written order").  This is so because the oral pronouncement itself is the judgment of conviction.  Id.; see Jefferson v. Commonwealth, 269 Va. 136, 139 (2005), cited with approval in Lewis, 295 Va. at 465; cf. Brown v. Commonwealth, 297 Va. 295, 300-01 (2019) (holding that if a defendant seeks to withdraw a guilty plea after the court has "pronounced . . . sentence from the bench but before the entry of a written order," the oral pronouncement is effective and "the more demanding 'manifest injustice' standard governs").

Further, "once . . . [the] judgment of conviction" has been entered, "the question of the penalty to be imposed is entirely within the province of the legislature, and the court has no inherent authority to depart from the range of punishment legislatively prescribed."  Lewis, 295 Va. at 464-65 (emphasis omitted) (quoting Starrs v. Commonwealth, 287 Va. 1, 9 (2014)).  Virginia's appellate courts have recognized this principle in several cases.  For example, in Lewis v. Commonwealth, the Supreme Court noted that while a trial court retains the ability to reconsider a finding of guilt until twenty-one days after entry of final judgment, its oral adjudication of guilt deprives it of the authority to consider a deferred disposition in lieu of the

statutory punishment prescribed by the legislature. 295 Va. at 466-67 & n.3. Similarly, in Harris v. Commonwealth, 63 Va. App. 525, 537 (2014), this Court reasoned that a trial court lacks authority to "acquit a defendant through an act of judicial clemency (or judicial nullification), where the evidence proves the defendant's guilt beyond a reasonable doubt and . . . no statutory authority exists to allow the trial court to [reduce or] dismiss the charge." Finally, in White v. Commonwealth, a case involving a guilty plea, this Court recognized that once the trial court enters judgment on the plea, it cannot use its inherent authority to grant a deferred disposition "as a type of judicial clemency to acquit the accused of a crime proved beyond a reasonable doubt." 67 Va. App. at 613.

In other words, although a trial court retains authority for twenty-one days following entry of a final order to reconsider a variety of issues (including matters such as the sufficiency of the evidence), where the issue of guilt has in fact been determined through entry of at least an oral judgment of guilt, that court lacks authority to vacate the judgment in order to consider a deferred disposition. Cf. Taylor, 58 Va. App. at 437, 438 n.1, 450 (holding that the trial court properly concluded that it lacked the power to reduce an offense from grand larceny to petit larceny after it had orally pronounced the defendant guilty of the greater offense).

Applying these principles in the appellant's case compels the conclusion that when she first asked for a deferred disposition, the trial court had already lost authority to grant the requested form of relief. The appellant asked the court to consider a deferred disposition at the hearing on June 1, 2018, but when she did so, the judge had already stated twice that he found her "guilty as charged" of violating Code § 18.2-258.1. Subsection (H) of the statute specifically provides that the authority to grant a deferred disposition exists "if the facts found by the court would justify a finding of guilt." Code § 18.2-258.1(H). The language in the statute makes clear that a deferred disposition is not permitted when the court has taken the additional step of

- 10 -

actually pronouncing judgment and finding the defendant guilty. See id. Viewed in light of the related case law, the trial court's oral pronouncement of guilt was all that was required to constitute a judgment of conviction for controlled substance fraud. See Lewis, 295 Va. at 466. The court's authority to grant the requested relief of a deferred disposition ceased when it made its oral finding of guilt. See Code § 18.2-258.1(H). Consequently, the trial court lacked authority to consider the request to defer disposition at the time it was made.

The court's entry of an order of conviction ten days later further confirmed that it had previously made a finding of guilt and no longer had authority to consider a request to defer disposition. That order explicitly stated that the trial court, "having heard the evidence[,] f[ound the appellant] *GUILTY*" of the charged offense." The judge further confirmed that fact on the date set for sentencing. The appellant again asked for a deferred disposition, and the judge replied that "the endorsement from the last hearing . . . indicates that she was found guilty" and, therefore, he "d[id not] know . . . what[ had] been taken under advisement." The judge's later decision to entertain argument on the appellant's request for a deferred disposition did not change the fact that he lacked authority to consider the appellant's request at that time. Accordingly, we hold that the trial court reached the right result, albeit for a different reason than the one upon which it relied.

### III.  CONCLUSION

For these reasons, we conclude that the trial court lacked authority to grant a deferred disposition under Code § 18.2-258.1(H) at the time the appellant requested it. Consequently, we affirm the appellant's conviction and sentence.

Affirmed.

- 11 -