UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Callins
Argued at Alexandria, Virginia


TIFFANY RENA TWYMAN

MEMORANDUM OPINION* BY
v.      Record No. 1228-21-4          JUDGE MARY BENNETT MALVEAUX
AUGUST 9, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
Dale B. Durrer, Judge

Monica J. Chernin (Law Offices of Monica J. Chernin, P.C., on
briefs), for appellant.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Tiffany Rena Twyman ("appellant") was convicted of welfare fraud, in violation of Code

§ 63.2-522. On appeal, she contends that the trial court erred in denying her request for a deferred

disposition. For the following reasons, we affirm.

I. BACKGROUND

On December 16, 2019, appellant was indicted for welfare fraud, in violation of Code

§ 63.2-522. On April 7, 2021, the trial court conducted a bench trial. The evidence adduced at

trial was that from 2014 to 2018, appellant received welfare benefits, specifically SNAP and

childcare benefits, from Culpeper Human Services. During this period, appellant failed to

inform Culpeper Human Services of a job she held that she was required to report to the agency.

She also failed to report on her application for benefits that the father of her child lived with her.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant's failure to report the job and her living situation resulted in an overpayment to her of $18,945 in SNAP benefits and $49,265 in childcare benefits.

During closing argument, counsel for appellant asked the trial court, if it were to find appellant guilty, to "defer a final disposition of this until after t[he] presentence report, without a finding of guilt, because we believe that there are extenuating factors that the [c]ourt needs to hear to consider a deferred disposition in the end." The Commonwealth asked the court to find appellant guilty and not defer disposition.

After reciting the evidence in the case, the court stated that it was "going to go ahead and make a finding of guilt today." On April 14, 2021, the trial court entered an order stating that, at the April 7, 2021 trial, "[h]aving heard the evidence and the arguments of the Deputy Commonwealth Attorney and [appellant], the [c]ourt finds [appellant] guilty of the . . . offense."

At the August 9, 2021 sentencing hearing, counsel for appellant noted that appellant had made full restitution of the overpayment of benefits. Counsel asked the trial court to enter a deferred disposition.

The Commonwealth's attorney stated that it did not agree to a deferred disposition under the recently enacted Code § 19.2-298.02.[1] The Commonwealth's attorney also stated that he

---

[1] Code § 19.2-298.02 was enacted in 2020 and became effective March 1, 2021. *See* 2020 Acts Sp. Sess. I cc. 20, 21. In pertinent part, the statute provides that

> [a] trial court presiding in a criminal case may, with the agreement of the defendant and the Commonwealth, after any plea or trial, with or without a determination, finding, or pronouncement of guilt, and notwithstanding the entry of a conviction order, upon consideration of the facts and circumstances of the case, including (i) mitigating factors relating to the defendant or the offense, (ii) the request of the victim, or (iii) any other appropriate factors, defer proceedings, defer entry of a conviction order, if none, or defer entry of a final order, and continue the case for final disposition, on such reasonable terms and conditions as may be agreed upon by the parties and placed on the record, or if there is no agreement, as may be imposed by the court. Final disposition

"believe[d] the [c]ourt still ha[d] the option" to defer disposition under *Starrs v. Commonwealth*, 287 Va. 1 (2014), or *Hernandez v. Commonwealth*, 281 Va. 222 (2011), and that the Commonwealth would not argue against a deferral under this method.

The trial court took the issue under advisement.

On October 13, 2021, the trial court issued a letter opinion denying appellant's request for a deferred disposition. At the outset of the opinion, the trial court stated that there were two issues for it to resolve: (1) whether, in the absence of the Commonwealth's express agreement, it had the statutory authority to impose a deferred disposition under Code § 19.2-298.02; and (2) whether the enactment of Code § 19.2-298.02 abrogated the decision in *Starrs* and its progeny recognizing the inherent authority of trial courts to grant deferred dispositions. As for the first issue, the court found that Code § 19.2-298.02 was "not applicable to the facts of this case because the Commonwealth is not in agreement which is a necessary statutory requirement for a deferred disposition." As for the second issue, the court found that it could defer a disposition "under the limited rationale promulgated in *Starrs*," but declined to do so.

On October 20, 2021, the court entered an order denying appellant's motion for a deferred disposition.

This appeal followed.

## II.  ANALYSIS

"Whether a trial court 'has authority to take a case under advisement and defer a finding of guilt is a question of law' reviewed *de novo* on appeal." *Vandyke v. Commonwealth*, 71 Va. App. 723, 729 (2020) (quoting *White v. Commonwealth*, 67 Va. App. 599, 604 (2017)).

---

may include (a) conviction of the original charge, (b) conviction of an alternative charge, or (c) dismissal of the proceedings.

Code § 19.2-298.02(A).

On appeal, appellant challenges the trial court's denial of her request to defer disposition in this case, arguing that the court disregarded its inherent authority to do so.[2]

Virginia appellate courts have on several occasions addressed whether a court has the inherent ability to defer a disposition. In *Hernandez*, 281 Va. at 226, our Supreme Court held that "[u]ntil the court enters a written order finding the defendant guilty of a crime, the court has the inherent authority to take the matter under advisement or to continue the case for disposition at a later date." The Court further held that a trial court's statement that the evidence was sufficient to convict does not amount to a "judgment of conviction" or "a formal adjudication of guilt." *Id.* at 225, 226. In *Starrs*, 287 Va. at 13, our Supreme Court reaffirmed the holding of *Hernandez* in the context of a guilty plea, concluding that trial courts "retain[] the inherent authority to withhold a finding of guilt" and "to defer the disposition" even after entering a guilty plea on the record. "Thus, the Supreme Court's decisions in *Hernandez* and *Starrs* identify a narrow aspect of judicial authority *prior to the entry of the conviction order* that permits a trial

---

[2] While appellant presents four assignments of error, we only address her fourth, which concerns the trial court's inherent authority to defer judgment.

Appellant's first assignment of error challenges the trial court's ruling that Code § 19.2-298.02 does not allow a trial court to defer a disposition absent express agreement of the Commonwealth and the defendant. However, on appeal, in briefing, and at oral argument, appellant abandoned this specific argument, and thus we do not address it. *See Adeniran v. Commonwealth*, 63 Va. App. 617, 626 n.3 (2014) (declining to address issues where an appellant abandoned his argument).

In her second and third assignments of error, appellant argues that the trial court erred in finding that Code §19.2-298.02 "controls and disallows the [trial] [c]ourt from deferring a disposition, removing the [c]ourt's inherent authority to defer a disposition," and in finding that "Code §19.2-298.02 limits the [c]ourt's discretion to only those cases where the Commonwealth agrees with the defendant." However, as noted above, the trial court did not make these findings. Rather, it found that it did have the inherent authority to defer disposition, despite the enactment of Code §19.2-298.02, but chose not to in this case. Consequently, we do not address these arguments on appeal. *See Royal Indem. Co. v. Tyco Fire Products, LP*, 281 Va. 157, 171 (2011) (holding that the Court could not address an assignment of error because the appellant alleged "that the circuit court erred in making a ruling that it did not make").

court, 'in the exercise of its discretion,' to defer the disposition of a criminal trial until a later date." *Harris v. Commonwealth*, 63 Va. App. 525, 533 (2014) (emphasis added).

Our Supreme Court further addressed the holdings of *Starrs* and *Hernandez* in *Lewis v. Commonwealth*, 295 Va. 454, 466 (2018), in which the Court noted that "[t]he defining moment in terms of assessing whether the court has inherent authority to defer disposition . . . is when it adjudicates that the defendant is guilty of the specific charge, not when it enters a written order." Thus, under *Lewis*, "once a trial court *orally* pronounces a defendant guilty, it loses the authority to defer disposition, even if it has not yet entered a conviction order." *Vandyke*, 71 Va. App. at 734.[3]

Appellant argues that the trial court erred in denying her request for a deferred disposition because it retained the inherent authority to do so under *Hernandez* and *Starrs*. However, her argument fails to recognize that at the time the trial court made its ruling on whether to grant a deferred disposition, it had no authority to do so. At the April 7, 2021 trial, after hearing evidence in the case, the trial court stated that it was "going to go ahead and make a finding of guilt today." Under *Lewis*, this was the "defining moment" at which the court lost the authority

---

[3] Code § 19.2-298.02, enacted following the decisions in *Hernandez* and *Starrs*, specifically allows for a trial court to defer disposition "with or without a determination, finding, or pronouncement of guilt, and notwithstanding the entry of a conviction order." However, that statute also provides that the trial court may defer disposition in a case "with the agreement of the defendant and the Commonwealth." Code § 19.2-298.02(A). Here, the Commonwealth did not agree to a deferred disposition. While appellant argued below that the statute could be construed as not requiring the consent of the Commonwealth for its application, as noted previously, she abandoned this argument on appeal.

In addition, appellant argues on appeal that the decisions in *Hernandez* and *Starrs* remain good law following the enactment of Code § 19.2-298.02. However, we need not decide this issue because even if *Hernandez* and *Starrs* have not been abrogated by Code § 19.2-298.02, the result in this case would be the same, due to the timing of the trial court's pronouncement of guilt. Therefore, for purposes of this appeal, we assume without deciding that *Hernandez* and *Starrs* have not been abrogated by the enactment of Code § 19.2-298.02. *See generally Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (recognizing that appellate courts decide cases on the "best and narrowest grounds").

to defer disposition.[4] *Lewis*, 295 Va. at 466. Further, this finding of guilt was memorialized in a written conviction order entered on April 14, 2021. Here, "the circuit court did more than merely find the evidence sufficient to find [appellant] guilty . . .; it actually found h[er] guilty." *Id.* at 464. It is clear that the trial court erred in ruling that it had the ability to enter a deferred disposition at the time it ruled on the issue, as it had already orally and in writing pronounced appellant guilty of violating Code § 63.2-522.

Although the trial court erred in finding that it could have deferred disposition pursuant to *Hernandez* and *Starrs*, it did not take such action. "Under the right result for the wrong reason doctrine, 'it is the settled rule that how[ever] erroneous . . . may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons.'" *Perry v. Commonwealth*, 280 Va. 572, 579 (2010) (alterations in original) (quoting *Schultz v. Schultz*, 51 Va. (10 Gratt.) 358, 384 (1853)). "[W]hen considering whether the 'right result for the wrong reason' doctrine should be applied, the standard of review is whether the record demonstrates that all evidence necessary to the alternative ground for affirmance was before the circuit court and, if that evidence was conflicting, how it resolved the

---

[4] Despite its oral finding of guilt, immediately after the trial court found appellant guilty it stated that it would set the matter for sentencing with "[a]ll options . . . still . . . on the table," including a deferred disposition. Subsequently, in its letter opinion, the trial court stated that at the April 7 hearing it had "found the evidence sufficient to find [appellant] guilty but continued the case for sentencing." The court further stated that the transcript of that hearing reflected that "the court indicated that it would allow [counsel for appellant] to argue for a deferred disposition under [Code] § 19.2-298.02 and the line of cases permitting the same," therefore "[t]he order from April 7, 2021 requires correction under [Code] § 8.01-428 because the court wanted to provide [appellant] with the opportunity to request a deferred disposition." Although the record reflects that the trial court intended to allow counsel for appellant to argue for a deferred disposition and for the court to then consider such a disposition, it is clear under our past case law that despite its intentions, the court lost any authority to do so after orally pronouncing appellant guilty. *Cf. Hackett v. Commonwealth*, 293 Va. 392, 399-400 (2017) (holding that the trial court did not have the authority to correct a conviction order via a *nunc pro tunc* order even though the record demonstrated an oral understanding between the trial court, the defendant, and the Commonwealth that the trial court would modify the conviction upon completion of certain conditions).

dispute, or weighed or credited contradicting testimony." *Banks v. Commonwealth*, 280 Va. 612, 618 (2010). Here, the record contains all the evidence necessary for us to determine that the trial court's judgment denying appellant's request for a deferred disposition was not erroneous. Even though the trial court was incorrect in finding that it could have entered a deferred disposition under *Hernandez* and *Starrs* after having issued both oral and written findings of guilt, it nonetheless declined to do so. Although for the wrong reasons, it ultimately reached the right result in declining to grant appellant a deferred disposition; therefore, we conclude that there is no reversible error in its judgment.

## III. CONCLUSION

Although we do so for an alternate ground than that relied on by the trial court, we affirm its judgment.

*Affirmed.*