COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, O'Brien and Fulton
Argued at Alexandria, Virginia

**PUBLISHED**

DENZEL RAMON LANE

v.      Record No. 1858-23-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE JUNIUS P. FULTON, III

DENZEL RAMON LANE                                    NOVEMBER 26, 2024

v.      Record No. 1979-23-4

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
James E. Plowman, Judge

Ryan D. Ruzic, Public Defender (Ryan D. Huttar, Assistant Public
Defender, on briefs), for appellant.

Israel-David J.J. Healy, Assistant Attorney General (Jason S.
Miyares, Attorney General, on briefs), for appellee.


Denzel Lane appeals the trial court's revocation of his suspended sentence and the denial

of his motion for reconsideration.  He argues that the plain language of Code § 19.2-306.1

requires that he not receive an active period of incarceration for his first technical violation of the

terms and conditions of his supervised probation.  The Commonwealth concedes that the trial

court erred by imposing two months of imprisonment for a first technical violation, but it argues

that the appeal is moot because Lane has already served his two-month sentence.  Because we

find that the trial court intentionally disregarded this Court's precedent in *Thomas v.*

*Commonwealth*, 77 Va. App. 613 (2023), and expressed its clear disregard for the General

Assembly's legislative authority to establish the terms of applicable punishments for violations

of statutes when the trial court improperly sentenced Lane and renewed its improper characterization of marijuana use as a "special condition," we find that this dispute is "capable of repetition, yet evading review" and is thus excepted from being considered moot. We therefore vacate the trial court's September 25, 2023 sentencing order and remand for sentencing consistent with a first technical violation.

## I. BACKGROUND[1]

On April 6, 2022, Lane was convicted of possessing a Schedule I or II controlled substance under Code § 18.2-250 and possessing a firearm while in possession of a Schedule I or II controlled substance under Code § 18.2-308.4. He was sentenced to five years of incarceration, with all but five days suspended under the agreement that Lane was to comply with the terms of probation set out in the original sentencing order. One of the special conditions of supervised probation was that Lane was to "remain drug, marijuana, and alcohol free."

Between August 26, 2022, and September 7, 2023, Lane repeatedly tested positive for marijuana. At his probation violation hearing, the trial judge "revoked and resuspended all but two months of Lane's original sentence," after finding that Lane's repeated positive marijuana tests violated a special condition of the original sentencing order. The trial judge suspended the balance of incarceration on the "same terms and conditions . . . as previously ordered," noting that as special conditions of supervised probation, "the defendant shall remain . . . marijuana free." Lane filed a motion for reconsideration, arguing that *Thomas v. Commonwealth*,[2] held that "the legislature intended for marijuana use to fall within 'use, possession, or distribution of controlled substances or related paraphernalia,' . . . and therefore marijuana use cannot serve as a

---

[1] "Under the applicable standard of review, we view the evidence in the light most favorable to the Commonwealth as the party who prevailed below." *Bennett v. Commonwealth*, 69 Va. App. 475, 479 n.1 (2018) (citing *Riner v. Commonwealth*, 268 Va. 296, 303, 327 (2004)).

[2] 77 Va. App. 613 (2023).

basis for imposing active jail time at a first probation violation hearing." Additionally, Lane argued that under Code § 19.2-306.1 the marijuana violations should be considered a technical violation, and as this was his first technical violation, no active time should be imposed. The trial court denied the motion, finding that

> [W]hile the statute may say that I am required to only impose a suspended sentence and that I can revoke no time, I don't accept that. I think that what the statute has done is usurped judicial authority. I think it is an encroachment on the separation of powers, and that it leaves the court with no alternative. It has completely usurped any discretion and authority that this court has to enforce its orders and to enforce probationary rules.

Lane timely appealed the trial court's revocation order and the trial court's denial of his motion for reconsideration, arguing (1) "[t]he trial court erred in its revocation order by imposing an active jail sentence upon Mr. Lane at his first and only probation violation hearing for using marijuana in violation of a term of his probation listed as a special condition in the original sentencing order," and (2) "[t]he trial court erred by denying defendant's motion to reconsider."

## II. ANALYSIS

The Commonwealth concedes that the trial court erred in its revocation order when it sentenced Lane to active time but argues that this appeal is now moot because Lane has served the entirety of the two months of active time imposed by the revocation order. Lane does not concede mootness as he would still suffer collateral consequences, and he argues that this error is "capable of repetition, yet evading review" thus falling within an exception to the mootness doctrine. *See Richmond Newspapers v. Virginia*, 448 U.S. 555, 563 (1980). We agree.

"Generally, a case is moot and must be dismissed when the controversy that existed between litigants has ceased to exist[.]" *Daily Press, Inc. v. Commonwealth*, 285 Va. 447, 452 (2013). "It is not the office of courts to give opinions on abstract propositions of law, or to

decide questions upon which no rights depend, and where no relief can be afforded." *E.C. v. Va. Dep't of Juv. Just.*, 283 Va. 522, 530 (2012) (quoting *Franklin v. Peers*, 95 Va. 602, 603 (1898)).

In *Commonwealth v. Browne*, 303 Va. 90 (2024), the Supreme Court of Virginia found Browne's appeal to be moot because he had already served the entirety of the sentence ordered by the trial court. *Id.* at 94 ("As Browne has already served the period of active incarceration imposed by the circuit court, this appeal is now moot—notwithstanding the alleged erroneous application of the pertinent provisions of Code § 19.2-306.1."). Lane has already served the entirety of the two-month sentence imposed on him by the trial court. This Court cannot "undo" Lane's incarceration. *Id.* Additionally, because Lane did not argue specific collateral consequences, we assume without deciding that there are no continuing collateral consequences stemming from the trial court's error.[3] Therefore, this appeal would be considered moot unless it fell under an exception to the mootness doctrine.

Appellant argues that this appeal falls under the "capable of repetition, yet evading review" exception to the mootness doctrine, given that the trial court deliberately ignored the sentencing restrictions in Code § 19.2-306.1 and *Thomas*, by renewing the marijuana "as a special condition" provision in its sentencing order, thereby laying the groundwork for doing so again.

_____

[3] In *Browne*, the Court found no continuing collateral consequences because Browne had already committed two technical violations, and thus any restrictions on sentencing set out in Code § 19.2-306.1 would no longer apply to him in future revocation proceedings. 303 Va. at 94. Here, Lane is still subject to the sentencing limitations of Code § 19.2-306.1 and further could potentially be subject to the trial court's disregard for the mandates of Code § 19.2-306.1 for some time while under the trial court's supervision, as, based on the trial court's flawed decision, marijuana use constitutes a special condition and not a technical condition. Also, under the trial court's mistaken interpretation, Lane has not yet committed a single technical violation. Therefore, we could see a potential collateral consequence of the trial court's actions in this case to be that any future technical violations committed by Lane would be consistently and deliberately mischaracterized by the trial court, potentially subjecting him to repeated periods of wrongful incarceration. However, these potential collateral consequences were not argued by Lane, and thus we decline to rely on this analysis in our decision.

To our knowledge, there are no Virginia cases analyzing an appeal which could be mooted by a judge's clear and intentional disregard for a statute. Nor have we found guidance outside of the Commonwealth. Therefore, we treat this appeal as a case of first impression for the Court.

We find that Lane's appeal falls under the "capable of repetition, yet evading review" exception to the mootness doctrine.

The Supreme Court of the United States set two factors for the application of this exception: "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again[.]" *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).

First, this action is highly likely to repeat itself. As the trial court clearly stated:

> [W]hile the statute may say that I am required to only impose a suspended sentence and that I can revoke no time, I don't accept that. I think that what the statute has done is usurped judicial authority. I think it is an encroachment on the separation of powers, and that it leaves the court with no alternative. It has completely usurped any discretion and authority that this court has to enforce its orders and to enforce probationary rules.

The trial court's statement expressed an understanding of the statute and the decision to consciously disregard the statute's mandate in determining the appropriate sentence for the violation under consideration. We find this statement to indicate not only the trial court's intent in Lane's revocation hearing, but also the trial court's likely future course of action should Lane appear before the trial court under similar circumstances. *See, e.g.*, *Williams v. Legere*, 77 Va. App. 422, 439-40 (2023) (finding a party's intent to proceed along the same path that led to a mootness review to be an indication that a future action would once again evade appellate review).

The conditions imposed for the suspension of the remaining period of incarceration expressly readopted the additional special conditions requiring Lane to "remain . . . marijuana . . . free" as previously ordered, thus signaling the trial court's intention to continue its treatment of marijuana use as a special condition, in contravention of the limitations imposed by the statute. The trial court's actions fly in the face of (1) the separation of powers by ignoring the General Assembly's authority to determine the sentencing limits in Code § 19.2-306.1, and (2) this Court's precedent in *Thomas v. Commonwealth*,[4] which determined that the possession or use of marijuana constituted a technical violation and that the first such violation did not warrant active incarceration. The trial court has given us no reason to believe that it will not ignore the law again should Lane appear before the trial court on a similar action.[5] Therefore, we find this action to be "capable of repetition."

Second, should Lane commit another technical violation for the use of marijuana[6] we find that the challenged action will evade appellate review. As stated above, the trial court displayed blatant disregard for Code § 19.2-306.1 and this Court's precedent in *Thomas*, and we believe the trial court will do so again. This is especially evident given that the trial court suspended the remaining period of incarceration "under the same terms and conditions of probation as previously ordered." Furthermore, we find the trial court's misguided sentencing discretion

---

[4] 77 Va. App. 613 (later ratified by the Supreme Court of Virginia in *Commonwealth v. Delaune*, 302 Va. 644, 657 (2023) ("[w]hen a violation is based on conduct that specifically matches one of the enumerated technical violations set forth in Code § 19.2-306.1(A) . . . , an individual has committed a technical violation—notwithstanding his violation of a special condition that prohibits the same conduct")).

[5] Additionally, as an aside to our analysis of Lane's case, we note our concern that the trial court's disregard for Code § 19.2-306.1 could extend to other litigants.

[6] The record indicates Lane to be an "avid" marijuana user who has been issued a valid medical marijuana certificate for its usage and the trial court, while skeptical of the medical necessity, opined that Lane appeared to have a cannabis use disorder.

likely to result in future sentences that would evade our review. We are concerned that this trial court, and any other trial court judge at odds with the sentencing limitations for technical violations in Code § 19.2-306.1, could simply impose a sentence short enough to evade our review in order to moot any challenge to an improper sentence. *See Citizens for Fauquier Cnty. v. Town of Warrenton*, 81 Va. App. 363, 378 n.6 (2024) (noting that if a party knew of an act or process that would moot any future lawsuit, we could infer that the dispute is likely to recur and evade review). We decline to undercut the General Assembly's legislative power by practically nullifying the sentencing limitations imposed on trial courts in Code § 19.2-306.1. Therefore, given the unique circumstances here, this case falls under the "capable of repetition, yet evading review" exception to the mootness doctrine, and as a result is not moot.

To be clear, the trial court deliberately erred when it imposed a two-month active sentence for Lane's first technical violation. Sentencing is a matter in which the trial court's role is somewhat administrative. *See Lewis v. Commonwealth*, 295 Va. 454, 464-65 (2018) ("Under *Hernandez[ v. Commonwealth*, 281 Va. 222 (2011),] and *Starrs[ v. Commonwealth*, 287 Va. 1 (2014)], rendition of a judgment of conviction determines the range of penalties within which the court must impose sentence: '*once a court has entered a judgment of conviction of a crime*, the question of the penalty *to be imposed* is entirely within the province of the legislature, and the court has no inherent authority to depart from the range of punishment legislatively prescribed.'" (quoting *Starrs*, 287 Va. at 9)). "Once the legislature has acted, the role of the judiciary 'is the narrow one of determining what [the legislature] meant by the words it used in the statute.'" *Berry v. Barnes*, 72 Va. App. 281, 295 (2020) (alteration in original) (quoting *Akers v. Fauquier Cnty. Dep't of Soc. Servs.*, 44 Va. App. 247, 260-61 (2004)), *aff'd*, 300 Va. 188 (2021). "Any judgment as to the wisdom and propriety of a statute is within the legislative prerogative." *Pulliam v. Coastal Emergency Servs.*, 257 Va. 1, 9 (1999) (quoting *Supinger v. Stakes*, 255 Va.

- 7 -

198, 202 (1998)); *see also Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 272 (1979) ("The calculus of effects, the manner in which a particular law reverberates in a society, is a legislative and not a judicial responsibility."). Indeed, "if a change is to occur in the statute, that is clearly the prerogative of the legislature and not the courts." *Williams v. Williams*, 4 Va. App. 19, 23 (1987). Code § 19.2-306.1(C) states that a trial "court shall not impose a sentence of a term of active incarceration upon a first technical violation of the terms and conditions of a suspended sentence or probation . . . ." *Thomas* held that the "drug-related portion of the appellant's violation of Code § 19.2-306.1(A) *is a technical violation* and does not support the imposition of any of his previously suspended sentence." 77 Va. App. at 627 (emphasis added). The trial court's seemingly deliberate defiance of Virginia law does not evade our review on appeal. As such, the trial court's September 25, 2023 order is vacated.[7]

### III. CONCLUSION

For the foregoing reasons, we vacate the trial court's September 25, 2023 sentencing order and remand for further proceedings consistent with a first technical violation.

*Vacated and remanded.*

---

[7] Based on our ruling as to the September 25, 2023 sentencing order, we do not need to address Lane's assignment of error regarding his motion for reconsideration.