COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Petty and Beales
Argued at Chesapeake, Virginia


ROBERT RANDOLPH WILLIAMS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2509-09-1                      JUDGE RANDOLPH A. BEALES
                                                    FEBRUARY 8, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Kimberly Enderson Hensley, Assistant Public Defender (Office of
the Public Defender, on brief), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Robert Randolph Williams (appellant) was convicted by the trial court of possession of

cocaine, in violation of Code § 18.2-250.  On appeal, appellant argues that the trial court erred

when it denied his motion to suppress.  For the following reasons, we affirm.

I. BACKGROUND

Shortly before 9:00 p.m. on the evening of March 14, 2009, Officer Clark observed that the

license plate decal displaying the month of registration for appellant's vehicle[1] was torn in half.

Concluding that the month of registration decal was not properly displayed under Code § 46.2-613,

the officer stopped the vehicle, which appellant was driving.  He was the only person in the vehicle.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] At trial, appellant testified that his daughter owned the vehicle and that he was merely
driving it at the time of the traffic stop.  Because actual ownership of the vehicle is not a
dispositive issue in this case, we refer to the vehicle as "appellant's vehicle" simply for the
purpose of ease in describing the vehicle.

As a result of this traffic stop, the officer smelled marijuana in the vehicle and then discovered cocaine on appellant's person.[2]

At the hearing on appellant's motion to suppress, Officer Clark testified that the decal "appeared to be ripped in half showing only half of an A and an R." Although the officer acknowledged that he could determine that the torn license plate decal referred to the month of March, he explained that he stopped the vehicle because that month of expiration was not "clearly displayed" on the decal.

Appellant argued that Officer Clark lacked reasonable, articulable suspicion to stop the vehicle for a violation of Code § 46.2-613 because that statute does not specifically require a license plate decal to be "properly" displayed. The Commonwealth argued that the officer reasonably suspected that the license plate decal was not "displayed," and also argued that the traffic stop was proper because a "significant portion of [the decal] was missing." The trial court denied appellant's motion to suppress, finding that Officer Clark "observed a portion of the decal missing, which I believe gives him an articulable and reasonable suspicion of criminal activity potentially afoot, and justifies the stop."

## II. ANALYSIS

"On appeal from a trial court's ruling on a motion to suppress, the appellant must show that the trial court's decision constituted reversible error." Ferguson v. Commonwealth, 52 Va. App. 324, 334, 663 S.E.2d 505, 509 (2008). "[W]e view the evidence in the light most favorable to the Commonwealth, the party prevailing below." Aldridge v. Commonwealth, 44 Va. App. 618, 638, 606 S.E.2d 539, 549 (2004). "In addition, we review the trial court's findings of historical fact only for 'clear error,' but we review *de novo* the trial court's

---

[2] Appellant challenges only the initial traffic stop.

- 2 -

application of defined legal standards to the particular facts of a case." Watts v. Commonwealth, 38 Va. App. 206, 213, 562 S.E.2d 699, 702-03 (2002).

If a police officer has reasonable, articulable suspicion that a person is engaging in, or is about to engage in, criminal activity,[3] the officer may detain the person to conduct a brief investigation without violating the Fourth Amendment's protection against unreasonable searches and seizures. Terry v. Ohio, 392 U.S. 1, 27 (1968). "An investigative stop must be justified by a reasonable suspicion, based upon specific and articulable facts, that criminal activity is 'afoot.'" Harris v. Commonwealth, 276 Va. 689, 694, 668 S.E.2d 141, 144 (2008) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)). "Whether reasonable suspicion exists depends on the 'totality of the circumstances,' which includes 'the content of the information possessed by police and its degree of reliability.'" Sidney v. Commonwealth, 280 Va. 517, 523, 702 S.E.2d 124, 128 (2010) (quoting Jackson v. Commonwealth, 267 Va. 666, 673, 594 S.E.2d 595, 598-99 (2004)).

Here, Officer Clark testified that he stopped appellant's vehicle for an alleged violation of Code § 46.2-613 because he concluded that the license plate decal referring to the month of March was not "properly" displayed. Appellant argues that Officer Clark did not have reasonable, articulable suspicion to stop the vehicle for this purpose because he contends that Code § 46.2-613(1)(iii) says nothing about the "proper" display of decals. We need not address the applicability of Code § 46.2-613(1)(iii) to this appeal, however, because Officer Clark had reasonable, articulable suspicion to stop appellant's vehicle under Code § 46.2-607, which concerns license plate decals that have become "mutilated."

---

[3] Pursuant to § 46.2-113 of the Code of Virginia, it "shall be unlawful" for any person to violate the motor vehicle statutes of Title 46.2 and "violations shall constitute traffic infractions punishable by a fine of not more than that provided for a Class 4 misdemeanor" unless otherwise stated. Moreover, "[f]or purposes of arrest, traffic infractions shall be treated as misdemeanors. Except as otherwise provided by this title, the authority and duties of arresting officers shall be the same for traffic infractions as for misdemeanors." Code § 46.2-937.

This Court explained in Raab v. Commonwealth, 50 Va. App. 577, 581-82, 652 S.E.2d 144, 147 (2007) (en banc):

> "An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed *objectively*, justify [the] action.'" Brigham City v. Stuart, [547 U.S. 398,] 126 S. Ct. 1943, 1948, 164 L. Ed. 2d 650 (2006) (emphasis in original and citations omitted). "It is important to remember that 'we are not limited to what the stopping officer says or to evidence of his subjective rationale; rather, we look to the record as a whole to determine what facts were known to the officer and then consider whether a reasonable officer in those circumstances would have been suspicious.'" United States v. Brown, 232 F.3d 589, 594 (7th Cir. 2000) (citation omitted). Consequently, the "police officer conducting a stop is not required to 'precisely and individually articulate the facts that added up to suspicion in his mind.'" Id. (citation omitted).

Raab, 50 Va. App. at 583 n.2, 652 S.E.2d at 148 n.2. Thus, "[a]n articulable suspicion under Terry" need not "be *specifically* articulated by the officer from the witness stand." Id. (emphasis added).

Code § 46.2-607 provides, in pertinent part, that, "[i]f any license plate, decal, registration card, or certificate of title is . . . *mutilated* . . . , the person who is entitled to the certificate shall immediately apply for and obtain a replacement" for the mutilated item. (Emphasis added). When interpreting Code § 46.2-607 or any other statute, this Court must "ascertain and give effect to the intention of the legislature," Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003), which "is usually self-evident from the words used in the statute." Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006).

Here, Officer Clark testified that the license plate decal referring to the month of registration "appeared to be *ripped in half* showing only half of an A and an R." (Emphasis added). The officer's observation that the decal appeared to be "ripped in half" was undisputed at the suppression hearing. Based on this circumstance, a reasonable officer certainly could have suspected that the decal was "cut up or alter[ed] radically" and, therefore, had been mutilated. Webster's Third New International Dictionary 1493 (1981) (defining "mutilate"); see Raab, 50

- 4 -

Va. App. at 583 n.2, 652 S.E.2d at 148 n.2.  Therefore, "the record demonstrates that all evidence necessary" for the trial court to conclude there was a reasonable, articulable suspicion that the license plate decal was mutilated actually was presented to the trial court.  Banks v. Commonwealth, 280 Va. 612, 618, 701 S.E.2d 437, 440 (2010).

Consequently, the trial court did not err when it concluded that the traffic stop was supported by a reasonable, articulable suspicion of criminal activity.[4]  See Code §§ 46.2-113, 46.2-937.

## III. CONCLUSION

Accordingly, for the foregoing reasons, we affirm appellant's conviction for possession of cocaine.

Affirmed.

---

[4] The Supreme Court's decision in Moore v. Commonwealth, 276 Va. 747, 668 S.E.2d 150 (2008), upon which appellant relies, is not controlling on the very different facts and motor vehicle statute at issue here.  In Moore, a police officer observed the inspection sticker "peeling off of the windshield" of the vehicle Moore was driving, causing the officer to suspect that the peeling inspection sticker did not belong to that car.  Id. at 751, 668 S.E.2d at 152; see Code § 46.2-1173 (providing that it is unlawful to "display or cause or permit to be displayed upon any vehicle any safety inspection sticker knowing it to be fictitious or issued for another vehicle").  However, the Supreme Court held that the officer's suspicion of criminal activity "was undermined by his knowledge, prior to making the stop, that Moore was driving a rental car."  Moore, 276 Va. at 757, 688 S.E.2d at 156.  The Supreme Court explained that the offense of displaying an improper safety inspection sticker under Code § 46.2-1173 requires guilty knowledge, and "one who lawfully rents a car from a rental company would have little or no reason" to participate in the commission of an offense under that statute.  Id. at 758, 688 S.E.2d at 156.  Unlike in Moore, appellant's vehicle in this case was not a rental car.  Given Officer Clark's observation that the license plate decal "appeared to be ripped in half," a reasonable officer certainly could have suspected that the owner of the vehicle had not "immediately appl[ied] for and obtain[ed] a replacement," in violation of Code § 46.2-607.  Therefore, unlike in Moore, the totality of the circumstances here provided the officer with more than a "hunch" that a motor vehicle statute had been violated.