COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, AtLee and Raphael
Argued at Lexington, Virginia

**PUBLISHED**

ASHLEY ELIZABETH ESPOSITO

v.      Record No. 0090-21-3

VIRGINIA STATE POLICE

OPINION BY
JUDGE ROBERT J. HUMPHREYS
JANUARY 11, 2022

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

W. Andrew Harding (W. Andrew Harding, PLC, on brief), for appellant.

Michael A. Jagels, Section Chief/Senior Assistant Attorney General (Mark R. Herring, Attorney General; K. Scott Miles, Deputy Attorney General; Holli R. Wood, Assistant Attorney General on brief), for appellee.

Ashley Esposito appealed the Virginia State Police's denial of Esposito's request to have her name and information removed from the Sex Offender and Crimes Against Minors Registry ("the Registry") via the Virginia Administrative Process Act ("VAPA") to the Circuit Court of Rockingham County.  The State Police filed a motion to dismiss Esposito's appeal.  Following a hearing, the circuit court granted the motion to dismiss.  On appeal in this Court, Esposito argues that the circuit court erred in holding that the State Police's decision was exempt from review via VAPA.

I.  BACKGROUND

In 2009, Esposito pled guilty to oral sodomy with a seventeen-year-old minor in violation of Code § 18.2-361.  At the time Esposito was convicted, Code § 18.2-361, "Crimes Against Nature," made all oral sodomy illegal, regardless of age or consent:  "If any person . . . carnally

knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a Class 6 felony . . . ." (Amended 2014). Following her conviction, Esposito was required to register and periodically reregister as a sex offender and be placed in the Registry pursuant to the Sex Offender and Crimes Against Minors Registry Act ("the Act"), Code §§ 9.1-900 to -923.

In 2014, the General Assembly repealed the language in Code § 18.2-361 that had previously made oral sodomy *per se* illegal. 2014 Va. Acts ch. 794. The current version of Code § 18.2-361 only penalizes sodomy with a brute animal or a relative. Asserting that her conduct is no longer illegal under Code § 18.2-361, Esposito contacted the State Police and asked to be removed from the Registry. The State Police told Esposito that her name and information would not be removed. Esposito subsequently appealed the State Police's decision to the circuit court pursuant to VAPA, which permits circuit courts to review state agency regulations and case decisions.[1] *See* Code § 2.2-4026(A).

On November 13, 2020, the State Police filed a motion in the circuit court to dismiss Esposito's appeal for lack of jurisdiction. The State Police argued that its maintenance of the Registry was exempt from VAPA review because Code § 2.2-4002(B) explicitly exempts a plethora of agency actions, one of which is "customary police functions." The State Police asserted that maintaining the Registry was a customary police function and, as such, its denial of Esposito's request for removal was exempted by Code § 2.2-4002(B) and was not subject to review in the circuit court via VAPA.

On January 4, 2021, following a hearing, the circuit court granted the State Police's motion and dismissed Esposito's appeal with prejudice. In a letter opinion, the circuit court said

---

[1] Whether the State Police's denial of Esposito's request was a final agency "case decision" within the scope and meaning of Code §§ 2.2-4001 and -4026 was not reached by the circuit court and therefore is not before us.

that it dismissed Esposito's appeal for the reasons cited by the State Police. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

The sole issue in this case is whether VAPA provides Esposito a right of appeal from the State Police's denial of her request to be removed from the Registry. Questions of statutory interpretation such as this are subject to *de novo* review on appeal, and we owe no deference to the circuit court's interpretation of the statutory scheme. *See Bennett v. Commonwealth*, 60 Va. App. 656, 665 (2012).

### B. REMOVAL FROM THE REGISTRY

As stated, the circuit court granted the State Police's motion to dismiss on the grounds that maintaining the Registry is a "customary police function" and thus exempt from VAPA application pursuant to Code § 2.2-4002(B).[2] On appeal, Esposito asserts that despite being the statutory responsibility of the "Virginia State Police," maintaining the Registry is an administrative function, not policing activity, and, as such, maintenance of the Registry cannot be considered a "customary police function." *See, e.g.*, Code §§ 9.1-903, -913 (requiring persons convicted of certain offenses to register, reregister, and verify their information with the State Police and charging the State Police with developing and maintaining a system for public dissemination of Registry information via the internet).

Appellate courts have a duty, whenever possible, "to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal." *See Oraee*

---

[2] Below, the State Police argued only that this action was exempt from VAPA because maintenance of the Registry is a "customary police function." On brief in this Court, the State Police asserted for the first time that Code § 9.1-915 explicitly exempts Registry forms, including forms for removal from the Registry, from VAPA.

*v. Breeding*, 270 Va. 488, 498 (2005) (quoting *Va. Elec. & Power Co. v. Bd. of Cnty. Supervisors*, 226 Va. 382, 387-88 (1983)).  To determine the purpose of a given statute, we do not read each word separately; instead, we read the statutory scheme as a whole.  *See id.* (quoting *Dep't of Med. Assistance Servs. v. Beverly Healthcare of Fredericksburg*, 268 Va. 278, 285 (2004)).

Appellate courts have an obligation to decide cases on the best and narrowest grounds available.  *See Chaney v. Karabaic-Chaney*, 71 Va. App. 431, 438 (2020) (citing *Levick v. MacDougall*, 294 Va. 282, 302 (2017)).  Moreover, on appeal, this Court may affirm the judgment of a circuit court if first, the circuit court arrived at the "right result" but relied on different reasoning, and second, the appellate analysis is largely legal and does not require additional factual findings.  *See Vandyke v. Commonwealth*, 71 Va. App. 723, 731 (2020) ("Under the right-result-different-reason principle, an appellate court 'do[es] not hesitate, in a proper case, where the correct conclusion has been reached but [a different] reason [is] given, to sustain the result [on an alternative] ground.'" (quoting *Banks v. Commonwealth*, 280 Va. 612, 617 (2010))).

We conclude that we need not decide whether maintenance of the Registry constitutes a "customary police function" because the Act provides specific procedural requirements for removal from the Registry.  That statutory mechanism allows no discretion to the State Police regarding such removal and does not implicate VAPA in doing so.

The Act establishes, *inter alia*, who is required to register as a sex offender, how to register as a sex offender, when an individual no longer must register as a sex offender, and, most notably, how to petition for removal from the Registry.  *See* Code §§ 9.1-901 to -910. When read as a whole, the Act clearly does not give the State Police authority to decide who is

and is not required to register nor does it allow the State Police the discretion to determine if and when registered offenders may be removed from the Registry.

The Virginia State Police is responsible only to "develop and maintain a system" making certain Registry information for convicted offenders "publicly available by means of the Internet." *See* Code § 9.1-913. The State Police "shall" transmit appropriate information as required by the Federal Bureau of Investigation for inclusion in the National Sex Offender Registry. *See* Code § 9.1-911. The State Police also

> shall promulgate regulations and develop forms to implement and enforce [the Act]; including the operation and maintenance of the Registry and the removal of records on persons who are deceased, whose convictions have been reversed or who have been pardoned, and those for whom an order of removal . . . has been entered.

Code § 9.1-915. However, such "*regulations and forms shall not be subject to the provisions of Article 2 (§2.2-4006 et. seq.) of the Administrative Process Act*." *Id.* (emphasis added).

Esposito's arguments fail to acknowledge that the Act specifically establishes a petition process independent of VAPA that effectively removes all discretion from the State Police regarding who is and is not required to be listed on the Registry. Code § 9.1-910, "Removal of name and information from Registry," sets forth a process by which certain registered offenders can petition a circuit court for removal from the Registry. When and whether a registered offender may petition for her removal depends on her specific offense, how much time has passed since her conviction, and whether she has completed all court-ordered treatment, counseling, and restitution. *See* Code § 9.1-910(A), (B). Esposito's conviction is classified as a "Tier I" offense. *See* Code § 9.1-902(A). An individual convicted of a single Tier I offense who has not committed certain other offenses in the intervening years may petition a circuit court for removal from the Registry no earlier than fifteen years from the later of the date of her initial registration or the date of her last conviction for certain offenses. *See* Code § 9.1-910(A), (B).

- 5 -

When fifteen years have passed and assuming *arguendo* Esposito has fulfilled all other requirements, she can petition the circuit court to order her name and other information removed from the Registry.[3]

Code § 9.1-910(B) further mandates that when a circuit court receives a timely and valid petition for removal pursuant to the statutory process, the circuit court "shall obtain a copy of the petitioner's complete criminal history . . . and then hold a hearing on the petition at which the applicant and any interested persons may present witnesses and other evidence. The Commonwealth shall be made a party to [this action] . . . ." Code § 9.1-910(B). In other words, the General Assembly contemplated requests for removal from the Registry and set forth a clearly demarcated petition process in the circuit court that considers both the offender's and the Commonwealth's interests.

Furthermore, Code § 9.1-910(C) states, "The State Police *shall* remove from the Registry the name of any person and all identifying information upon receipt of an order granting a petition pursuant to subsection B." (Emphasis added). Pursuant to this statute, the State Police are required to remove a registered offender's name and information from the Registry upon receipt of a court order. For this reason, it is evident that the State Police did not possess the discretion to remove Esposito's name and information from the Registry simply upon her request. Additionally, if *ad hoc* requests to the State Police are sufficient for removal from the Registry, the General Assembly's mandate in Code § 9.1-910(C) that the State Police *shall* remove individuals who have obtained a court order is rendered superfluous, which directly contravenes the rules of statutory interpretation. *See Jones v. Conwell*, 227 Va. 176, 181 (1984) (stating that the rules of statutory interpretation argue against reading legislative enactments in a

---

[3] We do not express an opinion regarding whether a future petition for removal by Esposito will be successful.

manner that would make a portion of them useless). We hold that the State Police could not grant Esposito's *ex parte* "request" to be removed from the Registry without an order from a circuit court as required by Code § 9.1-910(C) because it did not have the discretion to do so.

In this case, because the record contains all the information necessary to permit this Court to resolve the appeal on a better and narrower ground, we conclude that we need not decide whether maintaining the Registry is a "customary police function" and thereby exempt from VAPA because Esposito was required to satisfy the specific statutory requirements of the Act in order to be removed from the Registry. We therefore affirm the circuit court's dismissal of Esposito's appeal because its ultimate conclusion was correct.

*Affirmed.*