COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and Malveaux
Argued at Alexandria, Virginia


SHAVONNE DOMINIQUE ISRAEL, S/K/A
  SHAVONNE ISRAEL
                                                    MEMORANDUM OPINION* BY
v.       Record No. 1195-21-4                       JUDGE RANDOLPH A. BEALES
                                                    JUNE 28, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

Robert Marshall, Assistant Public Defender, for appellant.

Lindsay M. Brooker, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Shavonne Dominique Israel appeals from an order of the Circuit Court of Arlington County

dismissing her appeal from Arlington County General District Court. On appeal, Israel contends

that the circuit court erred in dismissing her "appeal for lack of subject matter jurisdiction" because

she noted her appeal "within the 10-day window required by Virginia Code § 16.1-132." She also

contends that the circuit court violated "her rights under the Due Process Clause of the 14th

Amendment" when it denied her request for an evidentiary hearing.

I. BACKGROUND

On appeal, as the Supreme Court has instructed, we view the evidence in "the light most

favorable to the Commonwealth, as we must since it was the prevailing party in the trial court[.]"

*Riner v. Commonwealth*, 268 Va. 296, 330 (2004). On October 26, 2020, Shavonne Dominique

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Israel, who represented herself before the Arlington County General District Court, was convicted of possession of a counterfeit temporary vehicle tag. The general district court imposed a $100 fine.

Ten days later, on November 5, 2020, Israel filed a motion to reconsider with the Arlington County General District Court clerk's office. In that motion, Israel alleged that there were several issues or problems with her conviction and stated, "I would like a fair trial if this case is not reconsidered."[1] Israel then returned on the following day, November 6, 2020, to file a notice of appeal to the circuit court.

Subsequently, the Arlington County Circuit Court appointed counsel to represent Israel and scheduled Israel's matter for trial on August 5, 2021. On August 2, 2021, the Commonwealth filed a motion to dismiss Israel's appeal. The Commonwealth argued that, because Israel had not filed her notice of appeal until November 6, 2020 (eleven days after her conviction), she had not timely appealed her conviction, and, therefore, the circuit court lacked jurisdiction to hear her appeal. *See* Code § 16.1-132 (giving a defendant the right to appeal her misdemeanor conviction to the circuit court within ten days of her conviction).

At a hearing before the circuit court, Israel's counsel opposed the Commonwealth's motion to dismiss. In doing so, Israel's counsel argued that Israel actually noted her appeal on November 5, 2020, because Arlington County General District Court Judge Daniel Lopez's signature appears next to the handwritten words "Appeal Noted" on the bottom of the motion to reconsider that Israel had filed in general district court within the ten-day time period to note an appeal from her conviction under Code § 16.1-132.

---

[1] There is nothing in the record demonstrating that the motion to reconsider was ever docketed, heard, or ruled upon.

Both Israel's counsel and the Commonwealth proffered a version of events about what may have happened at the general district court clerk's office in the minutes leading up to Israel filing her motion to reconsider on November 5, 2020. Israel's counsel proffered that Judge Lopez "accepted the fact that she [Israel] had noted the appeal" on November 5, 2020, after Israel verbally discussed it with the clerk's office. In contrast, the Commonwealth proffered that, based upon the procedures employed by the clerk's office, the motion to reconsider would not have been sent to or reviewed by a judge in the Arlington County General District Court until November 6, 2020.

Israel's counsel did not object to the Commonwealth's proffer. Instead, he responded, "I would submit that if this is a situation where we're going to have to interrogate both generally the procedures in the clerk's office in addition to the procedures that were employed on the day in question, this is a situation that requires an evidentiary hearing." However, Israel's counsel indicated to the circuit court that he did not think an evidentiary hearing was necessary to resolve the motion because he thought that the circuit court should rely on the documents—the notice of appeal and the motion to reconsider—that were before the circuit court. Israel's counsel then requested that the circuit court deny the Commonwealth's motion to dismiss "in the absence of an evidentiary hearing."

The circuit court concluded that "the documents themselves really answered the question" and that an evidentiary hearing, therefore, was not necessary. The circuit court found that, because the notation of appeal appears on the bottom of Israel's motion to reconsider and not on the warrant, Israel had appealed her motion to reconsider—as opposed to her conviction. The circuit court held that "appealing a motion to reconsider . . . does not bring about the Court's jurisdiction" and dismissed the case. Israel's counsel then responded, "Thank you, Your Honor."

On August 10, 2021, the circuit court entered an order dismissing Israel's appeal for lack of jurisdiction. Israel did not file a motion for reconsideration in the circuit court. She now appeals to this Court.

## II. ANALYSIS

Israel raises two assignments of error on appeal. First, she contends that the circuit court "erred in granting the Commonwealth's motion to dismiss Israel's misdemeanor appeal for lack of subject matter jurisdiction because the documents filed to the Arlington County Circuit Court from the Arlington County General District Court included a document filed within the 10-day window required by Virginia Code § 16.1-132." Second, she contends that the circuit court "erred by denying Israel's request for an evidentiary hearing in violation of her rights under the Due Process Clause of the 14th Amendment."

### A. Assignment of Error I

On appeal, Israel contends that the words "Appeal Noted" that appear next to Judge Lopez's signature on the bottom of the motion to reconsider, which was filed on November 5, 2020, show that she appealed her conviction within the ten-day time period to appeal a conviction under Code § 16.1-132. The Commonwealth, however, contends that Israel did not preserve this assignment of error for review on appeal under Rule 5A:18 because she did not object when the circuit court based its ruling upon grounds that were not raised at the hearing.

Rule 5A:18 provides, "No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58

- 4 -

Va. App. 351, 356 (2011)).  Therefore, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review."  *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (*en banc*).

The only argument Israel raised to the circuit court was that she noted her appeal before the statutory period to appeal ended on November 5, 2020.  She never argued that she had appealed her motion to reconsider or that the circuit court would have jurisdiction over an appeal from a motion to reconsider.  When the circuit court decided to dismiss Israel's appeal on the grounds that she had actually appealed her motion to reconsider instead of the underlying conviction—and that appealing a motion to reconsider does not give the circuit court jurisdiction, the circuit court made its ruling based on a reason that neither party had actually argued to the circuit court.

Because Israel had not argued that she had appealed her motion to reconsider, she needed to make a contemporaneous objection at the time of the ruling that had dismissed her appeal based on that reason in order to preserve this assignment of error for appeal.  *See Edwards*, 41 Va. App. at 760 ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.").  However, Israel's counsel failed to make a contemporaneous objection at the hearing at the time of the circuit court's ruling granting the motion to dismiss.  All he said to the circuit court after the court made its ruling was "Thank you, Your Honor."  Furthermore, Israel still had twenty-one days under Rule 1:1 after the entry of the final order on August 10, 2021, to file a motion for reconsideration with the circuit court, but she did not file a motion for reconsideration or

any written objection with the circuit court whatsoever.  Therefore, we hold that Israel did not preserve this assignment of error for consideration on appeal.[2]  *See* Rule 5A:18.

## B.  Assignment of Error II

In Israel's second assignment of error, she contends that the circuit court violated her Fourteenth Amendment due process rights when it denied her request for an evidentiary hearing. However, she never raised an argument to the circuit court that not ordering an evidentiary hearing would violate her Fourteenth Amendment due process rights—and never objected to the circuit court's ruling on the grounds that it violated her due process rights.  Therefore, Israel has also waived this argument on appeal.  *See* Rule 5A:18.

## III.  CONCLUSION

In short, Israel failed to preserve either of her assignments of error for review by this Court. When the circuit court decided that Israel had appealed her motion to reconsider and that it lacked

---

[2]  The circuit court also did not err in dismissing Israel's appeal for lack of jurisdiction because she did not timely notice her appeal.  In reaching this conclusion, we apply the right-result-different-reason doctrine and consider only those facts found by the finder of fact or that are otherwise undisputed in the record before us on appeal.  *See Peters v. Commonwealth*, 72 Va. App. 378, 388-89 (2020) (citing *Spinner v. Commonwealth*, 297 Va. 384, 391 (2019)); *see also Perry v. Commonwealth*, 280 Va. 572, 578-80 (2010); *Banks v. Commonwealth*, 280 Va. 612, 617 (2010).

In relevant part, Code § 16.1-132 provides, "Any person convicted in a district court of an offense not felonious shall have the right, at any time within ten days from such conviction, and whether or not such conviction was upon a plea of guilty, to appeal to the circuit court."  It is undisputed that Israel was required to appeal to the circuit court by November 5, 2020, but she did not file the notice of appeal until November 6, 2020.

The motion to reconsider that Israel filed on November 5, 2020, was not sufficient to appeal her conviction.  First, Israel did not request to appeal her conviction anywhere in the motion to reconsider.  She stated, "I would like a fair trial *if this case is not reconsidered*" and told the general district court a number of things she believed it should weigh in her favor as it reconsidered its ruling. (Emphasis added).  Furthermore, Israel filed an actual notice of appeal on the following day—November 6, 2020.  In addition, the words "Appeal Noted" on the bottom of the motion to reconsider did not somehow convert Israel's motion to reconsider into a notice of appeal to the circuit court.

In short, Israel unfortunately filed the notice of appeal a day late.  Therefore, the circuit court lacked jurisdiction under Code § 16.1-132 to hear her appeal because Israel did not timely appeal her conviction.

jurisdiction over appeals from motions to reconsider (without argument on this point by either party), Israel did not object to the circuit court's holding at the time of that ruling. In addition, Israel also failed to file any written objections in the twenty-one days after entry of the circuit court's final order while the issue was still under the control of the circuit court. Therefore, under Rule 5A:18, Israel's first assignment of error was not preserved for consideration on appeal. Furthermore, we hold that Israel also failed to preserve her second assignment of error for appeal because she never argued to the circuit court that not having an evidentiary hearing would be a violation of her Fourteenth Amendment due process rights—and did not file an objection to the circuit court's ruling based on that argument.

Consequently, for all of these reasons, we do not disturb the circuit court's ruling.

*Affirmed.*